UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARMANE SMITH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ADAPTEC,<br><br>　　　　　Defendant. | Case No: C 11-1481 SBA<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. 2, 3 |

　　　　On March 25, 2011, Plaintiff filed the instant action against Defendant. Dkt. 1. Also on March 25, 2011, Plaintiff filed an application to proceed in forma pauperis and a motion for appointment of counsel. Dkt. 2, 3.

　　　　Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a pro se plaintiff must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

　　　　Moreover, a federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 577, 583 (1999). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 over her action. Dkt. 1 at 1. However, Plaintiff asserts no federal claim against Defendant. Plaintiff alleges that "a group of computer hackers have used vulnerabilities in Adaptec products, services and hardware to hijack control of computer harddrives, telephones, utility accounts, computer peripherals, and have damaged household electronics and appliances." Id. at 2. Plaintiff asserts causes of action for strict liability, negligence, "tortious interference," "vicarious liability," and "economic loss/injury." Id. at 1-2. Plaintiff brings a state-law products liability action against Defendant, asserting entitlement to certain damages. The Court does not have federal question jurisdiction over this state-law products liability action.

Further, the Court is unable to determine whether diversity jurisdiction exists because Plaintiff does not allege the State of her citizenship. While Plaintiff's address on the complaint is Tennessee, the Court cannot assume from the address that Plaintiff's citizenship is in Tennessee. In determining an individual's citizenship for purposes of diversity jurisdiction, courts look at the individual's domicile, not the state of her residence. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The domicile of an individual is the person's permanent home, where she resides with the intention to remain. Id. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Because Plaintiff does not allege the State of her citizenship, which is the State of her domicile, the Court is not able to determine whether diversity jurisdiction exists. Accordingly,

IT IS HEREBY ORDERED THAT within fourteen (14) days of the date that this Order is filed, Plaintiff shall file a Certificate of Party to show cause why this case should not be dismissed for lack of jurisdiction. The Certificate shall set forth Plaintiff's State of domicile, as well as any reasons that she contends that the Court has subject matter jurisdiction over her action. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO DISMISS THE ACTION. Plaintiff's

1 application to proceed in forma pauperis (Docket 2) and motion for appointment of counsel
2 (Docket 3) shall be held in abeyance pending Plaintiff's submission of Certificate of Party.
3     IT IS SO ORDERED.

4

5 Dated: July 28, 2011                               _____
6                                                     SAUNDRA BROWN ARMSTRONG
                                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SMITH et al,

        Plaintiff,

  v.

ADAPTEC et al,

        Defendant.
_____/

Case Number: CV11-01481 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charmane Smith
1509 Mink Street
Memphis, TN 38111

Dated: July 29, 2011

                        Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk