UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARMANE SMITH,

    Plaintiff,

vs.

ADAPTEC,

    Defendant.

Case No: C 11-1481 SBA

**ORDER OF DISMISSAL**

Dkt. 2, 3

On March 25, 2011, Plaintiff filed the instant action against Defendant. Dkt. 1. Also on March 25, 2011, Plaintiff filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. Dkt. 2, 3. In connection with Plaintiff's IFP application, the Court examined Plaintiff's complaint to determine whether it had subject matter jurisdiction over her lawsuit. Docket 12. The Court determined that it did not have federal question jurisdiction under 28 U.S.C. § 1331. Id. Because it was unclear as to whether diversity jurisdiction under 28 U.S.C. § 1332 existed, the Court issued an Order to Show Cause directing Plaintiff to inform the Court of her State of domicile so that it could determine the State of her citizenship, thereby assessing whether diversity jurisdiction was present. Id. The Court warned Plaintiff that her failure to respond within fourteen (14) days of the date the Order to Show Cause was filed would result in the dismissal of her action without further notice. Id. To date, Plaintiff has failed to respond to the Court's Order to Show Cause. Pursuant to its Order to Show Cause, the Court dismisses without prejudice the instant action on the ground that it lacks federal question jurisdiction and diversity jurisdiction. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999) (stating that a federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case).

Moreover, pursuant to Federal Rule of Civil Procedure 41(b), the Court additionally dismisses without prejudice the instant action for Plaintiff's failure to comply with its Order to Show Cause. A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order under Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The first three factors cited above weigh in favor of dismissal in light of the fact that Plaintiff has not responded to the Court's Order to Show Cause. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of the Court's prior warning that the failure to comply with its Order to Show Cause would result in the dismissal of the action. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal). Accordingly,

IT IS HEREBY ORDERED THAT this action is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Clerk of the Court shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: September 9, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SMITH et al,

    Plaintiff,

v.

ADAPTEC et al,

    Defendant.
_____/

Case Number: CV11-01481 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charmane Smith
1509 Mink Street
Memphis, TN 38111

Dated: September 12, 2011

    Richard W. Wieking, Clerk

    By: LISA R CLARK, Deputy Clerk